IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

CHRISTOPHER CHESTNUT,

    Plaintiff

V.

JUSTICE CHARLES CANADY, JUSTICE RICKY POLSTON, JUSTICE JORGE LABARGA, JUSTICE C. ALAN LAWSON, JUSTICE BARBARA LAGOA, JUSTICE ROBERT LUCK, and JUSTICE CARLOS MUNIZ, in their official capacities as Justices for the Supreme Court of Florida; JOHN A. TOMASINO, in his official capacity as Clerk for the Supreme Court of Florida;

    Defendants.

CASE NO.: 4:19-cv-271 RH MJF

## **PLAINTIFF'S OBJECTION TO MAGISTRATES ORDER [ECF NO. 8]**

COMES NOW, CHRISTOPHER CHESTNUT, *pro se,* pursuant to Fed. R. Civ. P., Rule 72 (a), and hereby objects to the Magistrate's[1] Order [ECF No. 8] entered on October 30, 2019 requiring Plaintiff to file an amended complaint via a technical form , pursuant to a local rule . The order is clearly erroneous and contrary to law based upon the following:

---

[1] Magistrate Judge (Hon. Michael J. Frank).

## SUMMARY

Clause two of the Magistrate's order [ECF No. 8, No. 2] is clearly erroneous and contrary to law because its requirement that Plaintiff, as a *pro se* litigant[2], file an amended complaint via a technical form is invalid in direct conflict with a federal rule of civil procedure[3]. Rule 8 expressly provides "no technical form is required" in federal court pleadings, thus the conflicting Northern District local rule requiring pleading by technical form is subordinated and invalid.

Although, the local technical form is a valuable instructive guideline for a *pro se* litigant in northern district civil rights cases; the form is grossly insufficient and inequitably prejudicial for a complex *pro se* civil rights claim as the case *sub judice*. Furthermore, this court has accepted pleadings of other *pro se* plaintiffs filed without the technical form as recent as 2016. Consequently, Plaintiff petitions this court to vacate clause two [ECF No. 8, No. 2] of the order, excusing Plaintiff from filing an amended complaint the local technical form.

---

[2] Plaintiff is a *pro se* litigant seeking federal district court intervention pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief from final orders of disbarment entered by The Supreme Court of Florida, in violation of Plaintiff's due process rights.

[3] See, Fed. R. Civ. P., Rule 8 ("Each allegation must be simple, concise and direct. **No technical form is required.**") (emphasis added).

## STATEMENT OF FACTS

1. On or about October 30, 2019, the Magistrate Judge entered an Order granting Plaintiff's request for an extension of time to file an amended complaint, and perfect service of the complaint. [ECF No. 8, ¶'s 2].

2. The order requires Plaintiff's amended complaint be filed via local form for *pro se* litigants filing civil rights claims, (Pro Se 15 Form)[4]. The order reads in relevant part:

   > Accordingly, it is **ORDERED**:
   > 1. Plaintiff's request for an extension of time to file an amended complaint and to serve the Defendants is **GRANTED**.
   > 2. ==On or before November 7, 2019, Plaintiff shall file an amended complaint on the approved complaint form for use by non-prisoner, *pro se* litigants available from the District Court's website.==

   [5]

3. The local technical form is derivative of Local Rule 5.7(A), which regulates *pro se* litigant filings in civil rights actions in the Northern District of Florida. The rule reads in relevant part:

---

[4] See, (NDFL Pro Se 15 [Rev. 12/16] Civil Rights Complaint Non-Prisoner).

[5] [ECF No. 8] (highlights added).

**Rule 5.7 Pro Se Civil-Rights Cases and Collateral Attacks on Criminal Convictions**

> (A) **Required Forms.** A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

[6]

4. Plaintiff's cause of action involves multiple defendants, multiple claims, and complex legal issues.

5. The required local technical form provides less than seven (7) pages of space for pleading and does not allow for proper pleading of complex civil rights cases.

## LEGAL AUTHORITY & ARGUMENT

This objection / appeal is timely filed within fourteen (14) days of entry for the subject order, pursuant to Fed. R. Civ. P. 72(a).

**Requiring pleading by local technical form violates Rule 8, thus is invalid.**

The Federal Rules of Civil Procedure expressly provide, "**No technical form is required**" in federal court pleadings.[7] Contrarily, in the case *sub judice*, the

---

[6] Local Rule for the Northern District of Florida, 5.7(A).
[7] See, Fed. R. Civ. P., Rule 8(d)(1) ("Each allegation must be simple, concise and direct. **No technical form is required.**") (emphasis added).

subject order requires Plaintiff to file his amended complaint via a local technical form[8] derivative of a Northern District local rule[9].

Local rules are required to be consistent with the Federal Rules of Civil Procedure, and when there is conflict between the two, the local rule is invalidated. See, Fed. R. Civ. P., Rule 83(a)[10]. See, Colgrove v. Battin, 413 U.S.149 (1973) (If a local rule were to conflict with Act of Congress, it would be invalid). Thus, in the *case sub judice*, the technical form requirement for Plaintiff's amended complaint should be vacated as invalid.

**The order is clearly erroneous and inconsistent with law and precedent. as it inherently penalizes Plaintiff for filing pro se, and it impermissibly complicates the pleading requirement threshold.**

The Court has previously accepted a complaint not plead on the local technical form, as Plaintiff is hereto requesting. See, Meyer v. City of Gainesville, 2016 U.S. Dist. LEXIS 19665 at 7 (Magistrate Judge Jones declined to dismiss Plaintiff's complaint for not being plead on the *pro se* pleading form). The technical form requirement inequitably regulates only *pro se* litigants, while litigants with lawyers

---

[8] See, (NDFL Pro Se 15 [Rev. 12/16] Civil Rights Complaint Non-Prisoner).

[9] See, Local Rule for the Northern District of Florida, 5.7(A).

[10] Fed. R. Civ. P., Rule 83(a) (authorizing federal courts to prescribe local rules "consistent with -- but not duplicative of -- Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075"); see also, Reese v. Herbert, 527 F.3d 1253, 1266 n.20 (11th Cir. 2008).

remain unencumbered of condensing a complex and voluminous civil rights complaint to a technical form less than seven (7) pages. This collateral consequence is contrary to common law principles that hold a *pro se* litigant should be afforded grace in pleadings, not subjected to additional restrictions by required local technical form.[11]

Furthermore, requiring Plaintiff to condense his amended complaint to the limited space provided in the local technical form prejudicially compromises his ability to meet Rule 8 minimal pleading requirements[12], collaterally exposing him to a Rule 12 dismissal. Although the local rule allows for the technical form to be supplemented with a memorandum of law[13], the memorandum and briefing arguments are not required as part of the record, and prohibited from consideration of the inevitable Rule 12 motion. [14]

---

[11] See, Trawinski v. United Techs, 313 F.3d 1295, 1297 (11th Circ. 2002) (Pro se pleadings are held to a less stringent standard than those drafted by attorneys).

[12] See, Edison v. Arenas, 155 F.R.D. 2125, 220 (M.D. Fla. 1994) (Pro Se pleadings must meet the minimal pleading requirements of Rule 8).

[13] Local Rule for the Northern District of Florida, 5.7(B).

[14] See, Collins v. Fulton Cty. Sch. Dis., No. 1:12-CV-1299-ODE-JSA, 2012 U.S. Dist. LEXIS 187392, at 62 (N.D. Ga. Dec. 26, 2012) (The Court only considers pleadings in resolving a Rule 12 motion; pleadings include a complaint, an and an answer to a complaint, but do not include motions, briefs, or exhibits attached thereto.).

WHEREFORE, Plaintiff humbly requests the Chief Judge vacate clause two of the order [ECF No. 8] allowing Plaintiff to file a typed *pro se* amended complaint pursuant to Rule 8.[15]

Respectfully Submitted,

/s/Christopher Chestnut
*Pro Se* Litigant
1201 W. Peachtree St, NE
Suite 2300
Atlanta, GA 30309
352-256-6151 (p)
Christopherchestnut@gmail.com

## CERTIFICATE OF SERVICE

*Pursuant to Local Rule 5.2(F)(2), no Certificate of Service is included, this is an ex-parte filing delivered via courier to the Court on November 11, 2019, and Federal Express mail on November 12, 2019.*

Fed Ex Tracking #: 7808 96 33 4966

---

[15] See, Frankel v. Alan Wood Steel Co., 31 F.R.D. 284 (E.D. Pa. 1962). Court which has adopted local rule has inherent power to suspend its operation if justified by particular facts of case.





ORIGIN ID:QFEA (352) 256-6151
CHRISTOPHER CHESTNUT
1201 W PEACHTREE ST NE STE 2300
ATLANTA, GA 30309
UNITED STATES US

SHIP DATE: 11NOV19
ACTWGT: 0.30 LB
CAD: 6996054/SSFO2021

BILL CREDIT CARD

TO  U.S. DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
11 N ADAMS ST
Clerk of Court
TALLAHASSEE FL 32301
(000) 000-0000          REF:
INV:
PO:                     DEPT:

FedEx
Express
E

TRK# 7808 9633 4906
0201

TUE - 12 NOV 10:30A
PRIORITY OVERNIGHT

XH TLHA

DSR
32301
FL-US  TLH