IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER CHESTNUT,

    Plaintiff

V.

JUSTICE CHARLES CANADY, JUSTICE RICKY POLSTON, JUSTICE JORGE LABARGA, JUSTICE C. ALAN LAWSON, JUSTICE BARBARA LAGOA, JUSTICE ROBERT LUCK, and JUSTICE CARLOS MUNIZ, in their official capacities as Justices for the Supreme Court of Florida; JOHN A. TOMASINO, in his official capacity as Clerk for the Supreme Court of Florida;

    Defendants.

CASE NO.: 4:19-cv-271 RH MJF

## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS.

COMES NOW, Plaintiff, CHRISTOPHER CHESTNUT, *pro se*, and files this response to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, pursuant to N.D. Fla. Loc. R. 7.1, and offers in support thereof as follows:

## SUMMARY

Plaintiff's Second Amended Complaint sues under §1983 Defendants (Supreme Court of Florida & its Clerk) in their individual official capacities seeking

both declaratory and injunctive relief from the United States District Court for the Northern District of Florida. Plaintiff's § 1983 claim invokes federal district court jurisdiction pursuant to 28 U.S.C. §§ 1343 (3),(4) to declare the final state court orders disbarring Plaintiff as null and void in violation of procedural due process and enjoin the enforcement of the orders based upon the constitutional defect and the ongoing harm to Plaintiff, as both orders were entered without affording Plaintiff requisite opportunity to be heard. Plaintiff's claim is not a substantive appeal of the state court decisions but a prayer for equitable relief from the ongoing harm caused by the unconstitutional state court proceedings.

Defendants' FSC motion to dismiss Plaintiff's Second Amended Complaint asserts three principal arguments: (1) Eleventh Amendment immunity bars the claim against Defendants in their official capacities ;(2) Defendants are entitled to protection of absolute judicial immunity; and, (3) Plaintiff fails to state a claim for prospective declaratory relief. However, Plaintiff's well plead complaint claims original jurisdiction under the Ex Parte Young Exception to Eleventh Amendment immunity; is exempt from judicial immunity in seeking declaratory relief under §1983 and exempt from judicial immunity in seeking injunctive relief as his claim seeks relief from ongoing harm caused by the unconstitutional state action. Plaintiff survives a 12(b)(6) failure to state a claim for declaratory relief because the face of

his complaint makes a plain statement of state action and a depravation of due process.

Further, Defendants' motion to dismiss should be denied as their cited authority and arguments are either misapplied, distinguishable from the facts *sub judice*, and create issues of disputed fact which individually or collectively defuse the validity of the motion to dismiss and extinguish the legal basis for granting the motion to dismiss. Further, the face of Plaintiff's § 1983 complaint, accepted as true, survive a motion to dismiss on immunity and failure to state a claim.

## ARGUMENT & AUTHORITY

A complaint stating a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard of review by the trial court in reviewing a motion to dismiss is whether the alleged "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Procedurally, Rule 8, requires that a complaint contain, "a short plaint statement showing that the pleader is entitled to relief." The court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a prima facie claim under §1983 sufficient to survive a motion to dismiss, Plaintiff need allege only two elements: (1) the action occurred under the color of state law and (2) the action is a deprivation of a constitutional or federal statutory right. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Bellamy v. First Class Mgmt. LLC*, 2016 U.S. Dist. LEXIS 71242, at 8 (M.D. Fla. Apr. 22, 2016). When considering a motion to dismiss the court may only consider the pleadings and all exhibits attached thereto. *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Additionally, the district court may not resolve factual disputes in adjudicating a motion to dismiss. *Page v. Postmaster Gen. & Chief Exec. Officer of the United States Postal Serv.*, 493 F. App'x 994, 995 (11th Cir. 2012) (citing *Chappell v. Goltsman*, 86 F.2d 215, 218 (5th Circ. 1950). In fact, the existence of disputed material facts precludes the district court from granting a motion to dismiss. *Id.* citing *Lawrence v. Dunbar*, 919 F. 2d 1525, 1529 (11th Circ. 1990).

I. **Plaintiff's Second Amended Complaint facially invokes federal court jurisdiction thus survives Defendant's Motion to Dismiss under the *Ex Parte Young* exception to Eleventh Amendment Immunity.**

Defendant's concede in their motion to dismiss that federal court jurisdiction exists in this claim under an exception to Eleventh Amendment immunity, by stating: "The *Ex Parte Young* exception allows federal courts to adjudicate suits against state officers seeking prospective equitable relief to end continuing

violations of federal law'". *See, Fla. Ass'n of Rehab Facilities, Inc. v. State of Fla. Dept. of Health and Rehab. Servs.*, 225 F. 3d 1208, 1219 (11th Cir. 2000); *see also*, Doc 16, pg. 6, ¶1. Plaintiff's Second Amended Complaint plainly alleges that the FSC and its Clerk are being sued under § 1983 in their individual capacity for violating procedural due process in entering final state court orders depriving Plaintiff of liberty and property without opportunity to be heard. *See* Doc. 13.

In *Rhoades v. Penfold,* 694 F.2d 1043 (5th Circ. 1983), a Texas State Court entered a judgment permanently terminating Ms. Rhoades' parental rights after conducting a hearing determining her parental rights status without properly advising her of an entitlement to court-appointed legal counsel for the parental right determination process. *Id.* at 1046. Ms. Rhoades subsequently initiated a §1983 claim in the United States District Court for the Northern District of Texas, seeking relief from the state's court judgment in the federal court by requesting injunctive and declaratory relief, alleging the state court proceedings were constitutionally defective in violating her procedural due process rights by not providing her court-appointed counsel.[1] *Id.* The district court, in response to Ms. Rhoades' motion for summary judgment, declared it had jurisdiction, vacated the Texas State Court

---

[1] Ms. Rhoades also claimed certification of a class, which was granted by the district court but reversed by the Fifth Circuit, holding a class was not certifiable.

judgment and enjoined the state from attempting to enforce its judgment. *Id.* The State of Texas appealed to the Fifth Circuit. *Id.*

The Fifth Circuit held that the district court had jurisdiction to hear the case, did not err in refusing to abstain from the case and did not err by refusing dismissal based upon res judicata. *Id.* at 1047. However, the Fifth Circuit reversed and remanded to the district court for an evidentiary hearing on the issue of Ms. Rhoades' indigency which was in dispute. *Id.*

The Fifth Circuit explained that federal court jurisdiction exists in a §1983 claim seeking injunction over state court judgment entered in violation of due process, pursuant to 28 U.S.C. §§ 1343(3), (4). *Id.* at 1047. *Citing in part, Gresham Park Comm. Organ v. Howell,* 652 F.2d 1227, 1236 (5th Circ. 1981) which held, " where a party asks a federal court to declare a state court judgment null and void, we should consider this as praying for an injunction enjoining its enforcement". *Id.* The Fifth Circuit distinguished *Gresham Park* from *Rooker-Feldman* highlighting that a federal district court has no appellate jurisdiction over state judgments, thus *Rooker-Feldman* would prohibit federal court jurisdiction for a claimant seeking appellate review of state court's judgment; however, where a federal district court is not required to exercise an appellate function, federal court jurisdiction exists. *Id. citing Gresham* at 1235-6.

The Fifth Circuit went on to state that the district court did not error in refusing to abstain under the *Younger* doctrine because Ms. Rhoades was seeking relief from a final state court judgment not an ongoing civil proceeding. *Id.* at 1047-8. Additionally, res judicata was held not to apply because Ms. Rhoades was not attempting to relitigate the merits of the termination issue in federal court, but rather litigating the constitutional defects in the state court proceedings, specifically her procedural due process rights to counsel. *Id* at 1047. "Simply put, Rhoades seeks to obtain redress for the '...deprivation, under color of...State law, ... of a right ... secured by the Constitution of the United states...' 28 U.S.C. §§ 1343(3). Consequently, this Court holds that the district court did have jurisdiction." *Id.* at 1047.

Like Rhoades, Plaintiff, *sub judice*, has invoked the jurisdiction of the federal court on the face of his Second Amended Complaint pursuant to 28 U.S.C. § 1343. Like, Rhoades, Plaintiff was denied procedural due process in the state court proceedings as he was denied a fair and impartial tribunal where multiple Referees were disqualified, and denied an opportunity to be heard when FSC twice deprived him of the requisite show cause hearing on disbarment and permanent disbarment. Furthermore, Plaintiff is not seeking a federal court appeal of the substantive state court rulings to disbar, but rather federal court intervention to declare null and void the orders of disbarment as entered in violation of due process, and an order

enjoining the state court from enforcing the constitutionally defective orders. *See* Doc. 13 pg. 3, ¶; pg. 41, ¶70 &71.

Defendants' citations to *Penhurst State. Sch. & Hosp. v Halderman*, 465 U.S. 89,102 (1984) and *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla., Dept. of Health and Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Circ. 2000) actually endorse Plaintiff's *Ex Parte Young* exemption to Eleventh Amendment immunity. *See* Doc. 13, pgs. 1-3, FNs. 1 & 2. Moreover, Defendants' misapply the aforementioned cases in citing them to support its argument that *Ex Parte Young* exemption does not apply because Plaintiff's claim is really seeking "retroactive relief" and not prospective relief. Notwithstanding the factual inaccuracy of the "retroactive relief" argument, as Plaintiff clearly pled ongoing harm emanating from unconstitutional state action; the *Penhurst* decision is acutely misapplied by omitting the vital citation to *Edelman v. Jordan*, 415 U.S. 651 (1974), a citation embedded in *Penhurst*. *Edelamn* qualifies and narrows the application of the bar to retroactive relief for only retroactive **monetary relief.** In particular, *Edelman* held that when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, **but not one that awards retroactive monetary relief**. *Id. Emphasis added.*

## II. Absolute Judicial Immunity is not applicable to the complaint *sub judice.*

Plaintiff's complaint is exempt from judicial immunity, thus the federal court maintains jurisdiction in this matter. Defendants' argue absolute judicial immunity pursuant to The Federal Courts Improvement Act of 1996. The Act abrogated the holding of *Pulliam v. Allen,* 466 U.S. 522 (1984) amending the language in §1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. However, there are key factual allegations in the complaint that exempt Plaintiff from judicial immunity, both of which are omitted in Defendant's motion.

First, Plaintiff's §1983 claims seeks declaratory relief and no money damages. See Doc 13 at pgs.: 32, ¶'s 42-46; 33, ¶'s47-50; 40, ¶65. The Federal Court Reform Act of 1996 does not provide judicial immunity barring a Plaintiff in a declaratory relief claim where money damages are not sought. *See Esenoy v. McMillan,* 2007 U.S. App. LEXIS 2085 at FN. 5 (11th Circ., Jan. 31, 2007). Thus, judicial immunity is not a basis for dismissal of the entire complaint because the immunity is not applicable to Plaintiff's declaratory relief claim.

Second, the case *sub judice*, is exempt from the judicial immunity applicable to injunctive relief. Although the Federal Court Reform Act of 1996 amends the

language of §1983 to provide judicial immunity for prospective injunctive relief, there is an exception to that immunity when a Plaintiff seeks injunctive relief for an ongoing harm emanating from the alleged state action in violation of the constitution. *See Seminole Tribe of Fla. V. Florida,* 517 U.S. 44, 73 (1996). Specifically, *Ex parte Young* only permits a suit against a state official to go forward "when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law." *Green v. Mansour,* 474 U.S. 64, 68 (1985). Plaintiff alleges in the complaint an ongoing violation of federal law by the ongoing depravation of liberty and property through his ongoing inability to practice law, operate a law firm, and earn a living due to the constitutionally defective orders to disbar and permanently disbar entered by FSC. Doc. 13 pg. 3, ¶2, Based upon the aforementioned, Plaintiff is exempt from judicial immunity to the injunctive relief claim.

### III. Plaintiff's Second Amended Complaint survives the standard of review for a 12(b)(6) Motion to Dismiss.

Having addressed Defendant's mischaracterization of Plaintiff's claim for prospective declaratory and injunctive relief as "retroactive relief", and the misapplication of immunity to this case, Plaintiff now focuses on why this case should not be dismissed under Rule 12(b)(6) failure to state a claim.

A § 1983 claim may be brought for violation of procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To survive a motion to dismiss a § 1983 claim, Plaintiff need only plead a plausible claim for relief, allowing the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Williams v. Fla. Atl. Univ*, 2016 U.S. Dist. LEXIS 36217 at 6 (S.D. Fla. Mar 21, 2016). As detailed above Plaintiff plead and supported **with factual allegations the two elements for prospective declaratory and injunctive relief.** See Doc 13 at pgs.: 32, ¶'s 42-46; 33, ¶'s47-50; 40, ¶65. Thus, Plaintiff's claim has not only met the Rule 8 pleading requirements but also exceeded the threshold for a 12(b)(6) dismissal.

Defendants' arguments in the motion to dismiss preclude this Court from granting the dismissal they seeks as it appears to place material facts in dispute, especially as it relates to the actions of FSC and the Clerk in contrast to the allegations in Plaintiff's complaint. **"Under Rule 12, (b)(6), the existence of disputed material facts precludes the district court from granting a motion to dismiss."** *Lawrence v. Dunbar*, 919 F. 2d 1525, 1529 (11th Circ. 1990). Additionally, the motion and its attached exhibits encumbers this Court to consider matters outside of the pleadings or disregard a substantial sum of Defendants' arguments and exhibits.

Should this Court be persuaded to consider Defendant's extrinsic materials and arguments, then the standard of review shifts to that of a Rule 56 summary judgment.

*See, Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (If matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(6) motion must be converted into a Fed.R.Civ.P. 56 summary judgment motion.). Under these circumstances, Plaintiff requests the ability to conduct discovery and proffer evidence to this Court to meet his burden under Rule 56.

## CONCLUSION

Defendant's motion to dismiss should be denied as Plaintiff's Second Amended Complaint invoked federal court jurisdiction under the *Ex Parte Young* exception to Eleventh Amendment immunity, plead declaratory and injunctive relief sufficient to avoid or exempt judicial immunity, and plead a facially plausible §1983 claim per the guidelines of Rule 8.

Respectfully Submitted this 14th day of February 2020.

**By: [s] Christopher Chestnut**
CHRISTOPHER M. CHESTNUT
Telephone: (855) 374-4448
Facsimile: (855) 377-2667
christopherchestnut@gmail.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of February 2020, the foregoing was physically served upon the Clerk of Court for the United States District Court for the Northern District of Florida and to Ashley Moody, Esq., Attorney General, PL-01, The Capitol, Tallahassee, Florida 32399, via email to William Stafford, Senior Assistant Attorney, willam.stafford@myfloridalegal.com.

**By:  [s] Christopher Chestnut**
CHRISTOPHER M. CHESTNUT