# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

CHRISTOPHER CHESTNUT,

    Plaintiff,

v.                                  CASE NO. 4:19cv271-RH-MJF

JOHN TOMASINO et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

The Florida Supreme Court disbarred the plaintiff Christopher Chestnut for alleged misconduct. He asserts the action was unconstitutional both because he was not afforded procedural due process and because a white attorney would not have been disbarred in the same circumstances. Mr. Chestnut is African American.

Mr. Chestnut raised in the Florida Supreme Court the same due-process and racial-discrimination arguments he asserts here. His attempt to relitigate the issues here runs headlong into the *Rooker-Feldman* doctrine.

The United States Supreme Court has put it this way: federal district courts cannot hear "cases brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Mr. Chestnut is a state-court loser. The Florida Supreme Court ruled against him. As the Eleventh Circuit has recognized time and again, this was a judicial decision fully subject to the *Rooker-Feldman* doctrine. *See, e.g.*, *Doe v. Florida Bar*, 630 F.3d 1336, 1341 (11th Cir. 2011) (affirming the district court's dismissal of as-applied challenges to the Florida Bar's certification rules); *Berman v. Fla. Bd. of Bar Exam'rs*, 794 F.2d 1529 (11th Cir. 1986) (applying *Feldman* to affirm the district court's dismissal of an action challenging denial of admission to the Florida Bar); *Uberoi v. Labarga*, 769 F. App'x 692 (11th Cir. 2019) (same). And Mr. Chestnut is complaining of an injury—his continuing exclusion from the Florida Bar—caused by the state-court judgment.

This claim is dead center of the *Rooker-Feldman* doctrine.

In reaching this conclusion, I have not overlooked the chronology. The Florida Supreme Court entered the order disbarring Mr. Chestnut on May 3, 2019. Mr. Chestnut moved for rehearing on May 20, 2019. Mr. Chestnut filed the original complaint in this federal action on June 14, 2019, plainly "inviting district

court review and rejection" of the Florida Supreme Court's order disbarring him. *Exxon Mobil*, 544 U.S. at 284. The Florida Supreme Court made the disbarment permanent by order entered on August 22, 2019. Mr. Chestnut submitted the second amended complaint in this federal action—the pleading now before the court—on December 31, 2019.

The Eleventh Circuit has said that *Rooker-Feldman* applies only when the federal action is filed after state-court proceedings have ended. *See Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009). If, by this, the court means *Rooker-Feldman* does not apply when a federal proceeding is initiated after the state court of last resort has entered judgment but while a motion for rehearing is pending, one might well question the result. One might well conclude that a party who comes to federal court only after suffering an adverse ruling in the state court of last resort is a "state-court loser[] complaining of injuries caused by [the] state-court judgment[]." *Exxon Mobil*, 544 U.S. at 284. *Nicholson* involved a pending appeal to a court that had not ruled at all on the matter at issue; *Nicholson* did not involve a motion for rehearing in a court that had already ruled.

In any event, if *Rooker-Feldman* is deemed inapplicable here on the ground that the Florida Supreme Court proceeding was still pending when this federal action was filed, the result would not change. In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), the Supreme

Court held that a federal action seeking injunctive relief from ongoing bar disciplinary proceedings was barred by the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Actions challenging bar disciplinary proceedings that have been dismissed in this court on the ground that *Middlesex* is controlling, with the dismissals affirmed by the Eleventh Circuit, include *Stoddard v. Fla. Bd. of Bar Exam'rs*, 509 F. Supp. 2d 1117, 1118-19 (N.D. Fla. 2006), *aff'd*, 229 F. App'x 911, 912 (11th Cir. 2007), and *Lawrence v. Schwiep*, No. 4:05cv14-RH, 2005 WL 2491564 (N.D. Fla. Oct. 7, 2005), *aff'd sub nom. Lawrence v. Rigsby*, 196 F. App'x 858, 858-59 (11th Cir. 2006).

Whether viewed as a challenge to a state-court proceeding that was ongoing when this federal action was filed—a challenge barred by *Younger*—or as a challenge to a state-court proceeding that had ended when this federal action was filed—a challenge barred by *Rooker-Feldman*—the result is the same. This action must be dismissed.

For these reasons,

IT IS ORDERED:

1. The motion to dismiss, ECF No. 16, is granted.

2. The clerk must enter judgment stating, "This case was resolved on a motion to dismiss. The plaintiff Christopher Chestnut's claims against the

defendants, the Clerk of Court and Justices of the Florida Supreme Court in their official capacities, are dismissed."

    3. The clerk must close the file.

    SO ORDERED on April 14, 2020.

<u>s/Robert L. Hinkle</u>  
United States District Judge
